IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.  11-cv-02298-REB-KMT

LINDA CASTRO,

      Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation,

      Defendant.

---

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES

---

Blackburn, J.

      The matter before me is plaintiff's **Motion For Attorneys** [*sic*] **Fees** [#27][1] filed
January 24, 2012.  I grant the motion in part and deny it in part.

      Plaintiff filed this case alleging violations of the Fair Debt Collections Practices
Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on September 1, 2011.  On January 9, 2012,
plaintiff accepted an offer of judgment pursuant to Fed. R. Civ. P. 68.  (*See* **Plaintiff's
Notice of Acceptance of Defendant's Offer of Judgment Pursuant to Fed. R. Civ.
P. 68** [#23], filed January 9, 2012.)  Judgment was entered on behalf of plaintiff in the
amount of the offer, $1,001.00.  (*See* **Judgment Pursuant to Fed. R. Civ.P. 68** [#24]
filed January 10, 2012.)  Plaintiff now seeks $8,310.00 in attorney fees for 27.7 hours of

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific
paper by the court's electronic case filing and management system (CM/ECF). I use this convention
throughout this order.

work on the case.[2]

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *see also Federal Trade Commission v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006).   Nevertheless, the FDCPA provides for an award of reasonable attorney fees to a successful litigant.   15 U.S.C. § 1692k(a)(3).   Plaintiff therefore is entitled to an award that is resonable.

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.   *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).   In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.   *Hensley*, 103 S.Ct. at 1941; *Malloy*, 73 F.3d at 1018.   "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'"   *Hensley*, 103 S.Ct. at 1940 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in *Copeland*).   Counsel therefore must make a good faith effort to exclude hours that are "excessive, redundant or

---

[2]  Plaintiff's request for an additional $1080.00 associated with filing his reply is untimely and in violation of the Local Rules of this District, and thus will not be considered.  *See D.C.COLO.LCivR* 7.C ("A motion shall not be included in a response or reply to the original motion.   A motion shall be made in a separate paper."); *Varley v. Midland Credit Management, Inc.*, 2012 WL 2107969 at *1 n.2 (D. Colo. June 11, 2012) (citing *Brimer v. Life Insurance Co. of North America*, 2012 WL 414386 at *7 (10th Cir. Feb. 12, 2012)).

otherwise unnecessary." *Id*. at 1939-40.

In considering plaintiff's application, I note first that her attorney's requested hourly rate of $300.00 is excessive and not in keeping with prevailing market rates in the community for lawyers of comparable skill, experience, and reputation.  As Judge Babcock found in a recent order in a similar case, all the courts that have considered plaintiff's counsel's attorney fees requests have found a reasonable hourly rate for his services to be $250.  (*See* **Order** at 3-4 [#16], filed March 16, 2012, *White v. Calvary Portfolio Services, LLC*, Civil Case No. 11-cv-02217-LTB-KLM.)[3]  I concur and use this fee as the starting point of my lodestar analysis.

As for the amount of hours expended, I believe the fee application evidences a clear lack of billing judgment.  Plaintiff's counsel has included at least 1.5 hours worth of charges associated with secretarial and administrative tasks, which are not billable at an attorney's hourly rate.[4]  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 2471 n.10, 105 L.Ed.2d 229 (1989).  In addition, the entries for several hours worth of attorney time allegedly devoted to drafting the complaint and reviewing the answer – especially in light of counsel's obvious and professed experience in these types of cases – strikes this court as excessive and unnecessary.  *See Ursic v.*

---

[3]  In addition, Judge Babcock found the assertions to the contrary contained in the affidavit submitted by plaintiff in support of his motion for attorney fees – authored by the same affiant as pressed here – unpersuasive.  (**Order** at 4-5 [#16], filed March 16, 2012, *White v. Calvary Portfolio Services, LLC*, Civil Case No. 11-cv-02217-LTB-KLM.)  I concur with this analysis.

[4]  I find counsel's argument that entries of .1 hour for tasks such as electronically filing documents with the court or sending an email to the court are justified because he cannot bill in a smaller increment thoroughly unconvincing.  It does not take a law degree or paralegal training to send an email.  *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983) ("A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.").  In any event, such routine and inconsequential clerical tasks are more properly considered part of overhead, and thus not properly billable regardless who performs them.

*Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983).

Where an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage intended to substitute for the exercise of billing judgment. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 883 (2001), *and cert. denied*, 121 S.Ct. 1092 (2001); *Walker v. United States Department of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). In the exercise of my broad discretion, I find the latter approach appropriate here. For the reasons cited herein, I find that a reasonable amount of time expended on this case is 12 hours. *See Fox v. Vice*, – U.S. –, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy*, 73 F.3d at 1018 ("[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation.") (citation and internal quotation marks omitted).

Multiplying the number of hours reasonably expended (12) by the reasonable hourly rate ($250.00) results in a lodestar fee award of $3,000.00.

**THEREFORE, IT IS ORDERED** as follows:

4

1.  That plaintiff's **Motion for Attorneys** [sic] **Fees** [#27], filed January 24, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  That the motion is **GRANTED** to the extent that plaintiff is entitled to attorney fees of $3,000.00; and

    b.  That the motion is otherwise **DENIED**; and

2.  That counsel for plaintiff is **AWARDED** $3,000.00 in attorney fees pursuant to section 15 U.S.C. § 1692k(a)(3).

Dated September 27, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5